UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDRICK DEON LOVETT,

    Applicant,

v.                                                  CASE NO. 8:25-cv-603-SDM-NHA

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Lovett applies for a writ of mandamus. As explained below, a federal district court cannot grant the requested relief.

Lovett files this action for a writ of mandamus independent of a civil rights action. Rule 81(b), Federal Rules of Civil Procedure, abolishes an independent federal action for a writ of mandamus. Under the All Writs Statute, 28 U.S.C. § 1651, federal courts may issue all writs necessary or appropriate in aid of their respective jurisdiction. Writs in the nature of mandamus are available only in instances where, before adoption of Rule 81(b), the remedy of mandamus was available. Consequently, even if part of an underlying civil rights action, Lovett could not gain the requested relief because, as explained next, mandamus was not available pre-Rule 81(b) based on the alleged facts.

Lovett requests a writ of mandamus "directed to the Respondent Pinellas County Sixth Judicial Circuit Court State Attorney Department" for allegedly "infringing upon his inalienable rights, laws, rules, and regulations." (Doc. 1 at 1) A district court lacks

jurisdiction to issue a writ of mandamus to order a state agency, a state official, or other state entity to perform a duty. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971).[1] *See also Campbell v. Gersten*, 394 F. App'x 654 (11th Cir. 2010)[2] ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing *Lamar*, 440 F.2d at 384); *Lawrence v. Miami-Dade County State Att'y Office*, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought."). No authority exists to issue a mandamus in this instance.

Lovett's "Petition for Writ of Mandamus and/or Prohibition" (Doc. 1) is **DENIED**. The clerk must close this case.

ORDERED in Tampa, Florida, on March 19, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.